UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
IN ADMIRALTY

IN RE THE COMPLAINT OF:
SUNSET WATERSPORTS, INC.
d/b/a SUNSET JET SKI +,
as owner of the unnamed 17'
non-propelled "banana boat"
towable inflatable pontoon-type craft
towed by an unnamed 1986 18'8"
parasail tow vessel, MIN RXN190631586,
Florida Registration FL7983EY
propelled by a 1994 Johnson
outboard motor, model J-150WTLERC,
serial number G-03569037
for Exoneration from or Limitation
of Liability.

_____/

CASE NO.:

00-10023

CIV-MOORE

MAGISTRATE JUDGE
O'SULLIVAN



### VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW the Plaintiff, SUNSET WATERSPORTS, INC. d/b/a SUNSET JET SKI +, (hereinafter "SUNSET") as owner of the unnamed 17' non-propelled "banana boat" towable inflatable pontoon-type craft towed by an unnamed 1986 18'8" parasail tow vessel, MIN RXN190631586, Florida Registration FL7983EY, propelled by a 1994 Johnson outboard motor, model J-150WTLERC, serial number G-03569037(hereinafter "Vessel"), in an action for Exoneration from or Limitation of Liability, civil and maritime, under 46 U.S.C. §181-185 and which is within the admiralty and maritime jurisdiction of this Court under Rule 9(h), and alleges:

1. This is a case of admiralty and maritime jurisdiction.

2. At all time material hereto, Plaintiff, SUNSET, was a at all times a Florida

1

LAW OFFICES
VERNIS & BOWLING OF THE FLORIDA KEYS, P.A.

corporation authorized to and doing business, with its principle location in Key West, Monroe County, Florida.

3. The vessel is an unnamed 17' non-propelled "banana boat" towable inflatable pontoon-type craft towed by an unnamed 1986 18'8" parasail tow vessel, MIN RXN190631586, Florida Registration FL7983EY, propelled by a 1994 Johnson outboard motor, model J-150WTLERC, serial number G-03569037.

4. On or about October 11, 1999, Danny Ghouchani (hereinafter "Ghouchani") boarded the above mentioned vessel and was voyaging on the navigable waters adjacent to Key West, Monroe County, Florida, U.S.A. Ghouchani was onboard the subject vessel enjoying a pleasure ride on October 11, 1999, subject to the conditions of the Release attached as Exhibit "A". During the course of riding aboard the vessel on October 11, 1999, Ghouchani claims to have suffered a broken nose allegedly resulting from falling from the above described vessel. The vessel described above terminated its voyage on October 11, 1999.

5. Venue in this District is proper under Rule F(9) of the Supplemental Admiralty and Maritime Claim Rules, in that Ghouchani has made a claim against Plaintiff in Monroe County, Florida. (See letter providing written notice of the claim attached hereto as Exhibit "B".)

6. The Plaintiff-owner of the vessel was and is without knowledge of any defect of the vessel which may have caused or contributed to the alleged injuries of Ghouchani.

2

7.   The accident and any and all damages, injuries and losses resulting from the accident were not caused or contributed to by any fault, design, neglect, negligence or want of due care on the part of Plaintiff, or any person or persons for whom Plaintiff is responsible, and further the injuries of Ghouchani aboard the vessel and any and all resulting damages, injuries, and losses were not caused by, contributed to by, or due to any fault, neglect, negligence, design, or want of due care on the part of Plaintiff or any person or persons for whom Plaintiff is responsible.

8.   The alleged failure of any equipment, if any, and any and all resulting loss, damage, death, injury or destruction was done or occasioned and incurred without the privity or knowledge of Plaintiff, and was due solely to and caused wholly by the fault, neglect, negligence, design or want of due care of others for whom Plaintiff is not responsible or else were due to other losses for which Plaintiff is not liable.

9.   The accident happened and the losses, damages, or injuries resulting therefrom or occurring therefrom were done, occasioned and incurred without the privity or knowledge of the Plaintiff within the meaning of 46 U.S.C. §183(e).

10.   Ghouchani has retained an attorney of the offices of Gross & Telisman, P.A., for the purpose of seeking compensation for injuries arising out of the above described accident. The Plaintiff does not know the total amount of claims that may be made by Ghouchani or other interested parties. The Plaintiff does not know the total amount of claims that may be made for loss, damage injury, destruction or death growing out of this casualty, but anticipates and believes that lawsuits and claims will be asserted

and prosecuted against them in amounts exceeding the total sum or sums for which Plaintiff may be legally responsible or may be required to pay under the applicable statutes covering exoneration from or limitation of liability. Attached to the Complaint and made a part of it as Exhibit "C" is a list of all claimants of whom Plaintiff has knowledge as of the time of filing this Complaint.

11. There are no demands, unsatisfied liens, or claims of lien against the vessel(s) arising out of the voyage nor are any lawsuits pending so far as known to Plaintiff other than those set forth on Exhibit "C".

12. The entire aggregate amount and value of Plaintiff's interest in the vessel(s) at the end of the voyage did not exceed the sum of USD $4,660.00. The vessel boarded by Ghouchani remains in the care and custody of SUNSET.

13. Subject to appraisal of its interest upon a reference, Plaintiff deposits with the Court as security for the benefit of the claimants, an Ad Interim Stipulation for Value in the amount of USD $4,660.00, plus interest, from the date of the stipulation, that sum not being less than the amount of value of the Plaintiff's interest in the vessel at the end of the voyage as set forth in the Affidavit of Larry C. Dukehart, AMS, a licensed adjuster and marine surveyor filed with this Complaint and made a part hereof as Exhibit "D".

14. This Complaint is filed within six months of the date Plaintiff received the first written notice of claim from any claimant following the aforesaid incident.

15. Plaintiff, as owner of the vessel, claims exoneration from or limitation of liability for any and all loss, damage, death, injury, or destruction caused by this casualty

or done, occasioned, or incurred on the voyage during which the incident occurred and for any and all claims therefore. Plaintiff alleges that it has valid defenses thereto on the facts and under the law. Specifically, Plaintiff refers to and incorporates herein the terms of the attached Release exonerating Plaintiff from liability. Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. §§181-185 and §188 and to that end and subject to an appraisal of its interest on a reference, Plaintiff deposits with the Court, as security for the benefit of claimants, a stipulation for value, with interest as aforesaid, with sufficient security for the amount or value of its interest in the vessel, as provided by the above statutes, by the Federal Rules of Civil Procedure, including Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules and practices of this Court.

16. If it later appears that the Plaintiff is or may be liable and the amount or value of Plaintiff's interest in the vessel as aforesaid is not sufficient to pay all losses in full, then claimants shall share pro rata in the aforesaid sum, saving to claimants any rights or priority they may have as ordered by this Court or as provided by the above statutes, by the above cited rules, and by the rules and practices of this Court.

WHEREFORE, Plaintiff demands that:

1. This Court, after due appraisement is made, enter an order approving the Ad Interim Stipulation for Value with surety, deposited with the court by the Plaintiff, as security for the amount or value of Plaintiff's interest in the vessel at the end of the

voyage described above;

2. A notice be issued to all persons asserting claims with respect to which the Complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Plaintiff a copy of said claims on or before a date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve on the attorneys for Plaintiff an Answer to the Complaint on or before said date, unless the claim included an Answer so designated;

3. This Court enjoin the further prosecution of any and all lawsuits already commenced and the commencement or prosecution thereafter of any and all lawsuits of any nature or description whatsoever filed in any jurisdiction against Plaintiff, and/or against the vessel and/or against any property of Plaintiff and/or against the insurers of Plaintiff and/or the vessel, except in this action, to recover damages for or in respect of any loss, damage, death, injury, or destruction caused by or resulting from the incident or done, occasioned, or incurred on the voyage;

4. This Court adjudge that Plaintiff is not liable to any extent for any loss, damage, injury or destruction or for any claim therefore in any way arising out of or resulting from the incident on board the vessel or done, occasioned or incurred on the voyage;

5. The Court in this proceeding will adjudge that the Plaintiff is not liable to any extent for loss, damage, injury, or destruction or for any claim whatsoever in any way

6

arising from or in consequence of the voyage; or if Plaintiff shall be adjudged liable, then the liability be limited to the amount or value of Plaintiff's interest in the vessel and that Plaintiff be discharged from liability on the surrender of its interest, and that the money surrendered, paid, or secured to be paid, be divided pro rata according to the statutes mentioned above among the claimants as they may duly prove and claim in accordance with the provisions of the order hereby requested, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Plaintiff from all further liabilities;

6. That the Plaintiff, SUNSET, may have such other and further relief as the Justice of the cause may require.

DATED this _13_ day of _April_, 2000.

_____
DIRK M. SMITS, Trial Counsel
Fla. Bar No. 911518
Vernis & Bowling of the Florida Keys, P.A.
P.O. Box 529
Islamorada, Florida 33036
(305) 664-4675
(305) 664-5414 (Facsimile)

STATE OF FLORIDA    )
                    ) SS.
COUNTY OF MONROE    )

Before me, the undersigned authority, personally appeared Dirk M. Smits, who was sworn and says that he has read the Complaint, and as to the facts stated to be true, they are true, and as to the facts stated on information and belief, he is informed and believes that they are true. He is the attorney of record for Sunset Watersports, Inc. d/b/a Sunset Jet Ski +, Inc. and the source of my knowledge and information is client's agents;

Richard Welter, owner/president of Sunset Watersports, Inc. d/b/a Sunset Jet Ski +, Inc. the employees of Sunset Watersports, Inc. d/b/a Sunset Jet Ski +, Inc.

_____
DIRK M. SMITS
Attorney for Plaintiff

The foregoing instrument was acknowledged before me this __13__ day of __APRIL__, 2000, by Dirk M. Smits, who is personally known to me.

_____
Notary Public

My Commission Expires:

Nancy Pearson
My Commission CC908054
Expires February 08, 2004

12 / ,519.58

# Sunset Island Party Operating, Corp.

## RELEASE OF LIABILITY AND WATERSPORTS EQUIPMENT CONTRACT

**RELEASE:** The undersigned hereby releases Sunset Island Party Operating Corp., its agents, principals, officers, employees, their heirs and successors from any and all claims, demands, damages, actions, causes of action or suit of any kind or nature whatsoever, and particularly on account of any injury including death while on board the "Sunset I" or while on board any ski boat or in the operation or use of the parasailing, waterskiing, sailing, windsurfing, surf bikes, tubing, water boards, kayaks, snorkeling, waterslad rides, kneeboards, or any other water sports equipment not listed. The undersigned agrees to pay all costs of any action necessary.

**LIABILITY:** The undersigned agrees to be solely responsible for any and all damage done to any third party and agrees to indemnify and hold harmless Sunset Island Party Operating Corp., its agents, principals, officers, employees, their heirs and assigns from any and all claims of a third party, including but not limited to the costs of any necessary legal actions and attorney fees. Further, the undersigned agrees to hold Sunset Island Party Operating Corp. and its agents harmless for any damages or injuries which he or she may sustain even by a third party incident to the operation or use of the water sport equipment or caused by the undersigned to others. The undersigned agrees to indemnify and save Sunset Island Party Operating Corp. harmless against any and all claims and liability of whatsoever kind or nature not otherwise covered herein and all costs and expenses including reasonable attorneys' fees incurred in connection therewith relating to or arising from the possession, use, maintenance, condition or operation of the above-designated water sport equipment.

**PAYMENT:** The undersigned is responsible for all charges, even if renter indicates someone else will pay. Payment is due upon request of Sunset Island Party Operating Corp. Renter consents to the reservation of credit for estimated charges due and as a security deposit against any possible damages and authorizes Sunset Island Party Operating Corp. to process all charges due (including charges for damages) on renter's credit card. All charges are subject to final audit, and either party will promptly pay or credit the other to correct any error.

**ACKNOWLEDGMENT OF DANGER:** The undersigned hereby acknowledges and agrees that the equipment is recreational and must be used with caution and care, as the water is used as a waterway for other commercial and recreational craft. The undersigned is warned to pay strict attention to instructions provided to them by the captain and to operate this watercraft in a safe manner. Furthermore, it is recognized by both parties that in operating or riding said watercraft or equipment by the undersigned, that undersigned assumes all risk which may result in injury or death.

**WARNING:** The users of this equipment do not hold Sunset Island Party Operating Corp. responsible in any way whatsoever for any accident or incident resulting in injury or death from the use of this watersports equipment. This equipment or service is used at the undersigned's own risk.

**SAFETY RULES:** Failure to abide by these rules could result in loss of monies and deposit and possibly injury or death. (1) You must be at least 18 years old to rent or operate a personal water craft. (2) Do not use alcohol before or during operation of personal water craft. (3) All riders must wear a properly fitted, USCG-approved life jacket. (4) Securely attach engine stop lanyard (kill switch) to your wrist or life jacket. Keep attached at all times. (5) Personal water craft do not have brakes! Always operate at a safe speed and be prepared to stop or alter course in emergencies. Allow yourself ample stopping space. (6) Know right-of-way rules. Generally, keep to your right and safely avoid other craft. To avoid collision, you must stay at least 300 feet away from other jet skis, boats, swimmers, docks, or other obstacles. (7) Never ride side by side or follow a personal water craft directly in front of you. (8) Look in all directions constantly for other boats, skiers, divers and swimmers, and other personal water craft. Stay alert! (9) Avoid wake jumping and passing close to any other boats. (10) Personal water craft temporarily lose steering when throttle is not applied. (11) Stay in sight of shore. But avoid operating too close to congested areas. (12) Any unsafe riding practices will terminate your ride immediately! As a result of this, no refund of monies will be made. (13) It is always the "show-off" who gets into trouble. Therefore, do not be a show-off.

**WAIVER:** I have read the terms and conditions of this lease-rental contract and agree thereto. (If under 18 years of age, you must have parental or legal guardian's consent by signature.)

* Customer is liable for all Marine and Coast Guard violations. Operators are warned to pay strict attention to instructions and operate equipment in a safe manner. Passengers are advised to avoid distracting the attention of the operator while vehicle is in motion. It must be recognized that in operating or riding on any type recreational vehicle they are assuming the risk which may result in injury.

Date: __10·11·99__

|   | Signature | Deposit | Bal. Collected | Salesperson |
|---|---|---|---|---|
| 1 | (ROSIER) |  | 170. | HANK |
| 2 |  |  | 1 | 1 |
| 3 | (TITAIN) | 170. |  | HANK |
| 4 |  |  | · | 1 |
| 5 | (VU) | 170. |  | HANK |
| 6 |  |  |  |  |
| 7 | (OHOUCHAOI) | 33.91 | 135.00 | CHRIS |
| 8 |  | 1 | REFUND | SCOASO |
| 9 | (WICER) | 170. |  | HANK |
| 10 |  |  |  | 1 |

Upon explanation of this agreement, I have witnessed the above signature(s):

Witness: _____

Exhibit "A"

# GROSS & TELISMAN
### ATTORNEYS AT LAW
12219 SOUTH DIXIE HIGHWAY
MIAMI, FLORIDA 33156

HOWARD P. GROSS
ALAN TELISMAN

(305) 255-6300
FAX (305) 235-5786

19 Oct 99

Sunset Watersports
P.O. Box 2185
Key West, Fl   33045-0000

P.O. Box 2185
Key West, Fl   33045-000

Re:  Our Client         :  Danny Ghouchani
     Our File Number    :  AL-99-415 (5569)
     Date of Accident   :  11 Oct 99
     Type of Case       :  general liability
     Location           :  Key West Florida

Gentlemen:

Please be advised that this office represents Danny Ghouchani for the purpose of prosecuting a claim against you for damages caused as the direct result of an accident on 11 Oct 99 which was due to your negligence.

In the event that you carry liability insurance, I suggest that you contact our office immediately and advise us the name and policy number of your insurance company. I also suggest that you report your accident immediately to your insurance company and forward our letter to them.

If in the event you do not carry liability insurance, please contact our office immediately.

We have enclosed a form regarding your insurance information that we request you complete, sign and return to our office.

We request your prompt attention and cooperation in this matter.

Very truly yours,

GROSS & TELISMAN, P.A.

BY: Alan Telisman, Esquire

AT/lsb

Enclosure

Exhibit "B"

Page 2 of 2
Re: Our Client        : Danny Ghouchani
    Our File Number   : AL-99-415 (5569)
    Date of Accident  : 11 Oct 99

Please check one of the following that applies:

( )   Please be advised that at the time of this accident I was not covered by liability insurance.

( )   Please be advised that at the time of this accident I was covered by liability insurance coverage.

Name of Insurance Company: _____

Address of Insurance Company: _____

Name of Insured on Policy: _____

Policy Number: _____

Please sign this letter below and return in the enclosed self addressed envelope provided for your convenience.

Signature: _____    Date: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
IN ADMIRALTY

IN RE THE COMPLAINT OF:                           CASE NO.:
SUNSET WATERSPORTS, INC.
d/b/a SUNSET JET SKI +,
as owner of the unnamed 17'
non-propelled "banana boat"
towable inflatable pontoon-type craft
towed by an unnamed 1986 18'8"
parasail tow vessel, MIN RXN190631586,
Florida Registration FL7983EY
propelled by a 1994 Johnson
outboard motor, model J-150WTLERC,
serial number G-03569037
for Exoneration from or Limitation
of Liability.
_____/

## LIST OF ALL KNOWN CLAIMANTS

The following list denotes those persons whom Plaintiff believes are claimants and/or potential claimants as a result of the incident described in the Complaint.

1. **Name:**            Danny Ghouchani

   **Attorney:**        Alan Telisman, Esquire
                        GROSS & TELISMAN, P.A.
                        12219 South Dixie Highway
                        Miami, FL 33156

   **Nature of Claim:** Personal Injury

   **Amount of Claim:** Unknown

2. **Name:**            Spouse of Danny Ghouchani,
                        if any

1

Exhibit "C"

**Attorney:**          Unknown (presumably Alan Telisman, Esquire
                       GROSS & TELISMAN, P.A.
                       12219 South Dixie Highway
                       Miami, FL  33156)

**Nature of Claim:**   Loss of Consortium

**Amount of Claim:**   Unknown and unspecified.  Claim would be joint with Danny Ghouchani


DATED this 13 day of April, 2000.

_____
DIRK M. SMITS, Trial Counsel
Fla. Bar No. 911518
Vernis & Bowling of the Florida Keys, P.A.
Post Office Box 529
Islamorada, Florida 33036
(305) 664-4675
(305) 664-5414 (Facsimile)

2

(Rev. 12/96)

# CIVIL COVER SHEET

**00-10023**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**: In Re the Complaint of Sunset Watersports, Inc. d/b/a Sunset Jetski +

**DEFENDANTS**: Danny Ghouchani

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**: Monroe
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**: Dade
(IN U.S. PLAINTIFF CASES ONLY)

At: Key West 4:00CV10023 / KMM / O'Sullivan

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):
Vernis and Bowling of the Fla Keys P.A.
Box 529 Islamorada, FL 33036
(305) 664-4675

**ATTORNEYS (IF KNOWN)**:
Gross and Telisman
12219 South Dixie Highway
Miami, FL 33156

**CIRCLE COUNTY WHERE ACTION AROSE**: DADE, (MONROE), BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION**: ☒ 3 Federal Question

**IV. ORIGIN**: ☒ Original Proceeding

**V. NATURE OF SUIT**: 890 Other Statutory Actions

**VI. CAUSE OF ACTION**: 28 USC 1333 - Exoneration and Limitation of Liability

**LENGTH OF TRIAL**: 2 days estimated (for both sides to try entire case)

**DATE**: 4-17-00

$150.00  820519

04/17/00